Zheng v. Sessions

BIA
Cheng, IJ
A200 165 449

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand seventeen.

PRESENT:
>    ROBERT A. KATZMANN,
>        *Chief Judge,*
>    JON O. NEWMAN,
>    RICHARD C. WESLEY,
>        *Circuit Judges.*

_____

WENJIE ZHENG,
>    *Petitioner,*

>    v.                                    16-2730
>                                          NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        David X. Feng, Feng & Associates P.C., New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Colette J. Winston, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenjie Zheng, a native and citizen of China, seeks review of a July 8, 2016, decision of the BIA affirming a May 14, 2015, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenjie Zheng,* No. A200 165 449 (B.I.A. July 8, 2016), *aff'g* No. A200 165 449 (Immig. Ct. N.Y. City May 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA (i.e., including the BIA's treatment of the evidence submitted on appeal). *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Zheng was not credible.

First, the agency reasonably relied on the inconsistency between Zheng's testimony and evidence concerning his fine. *See Xiu Xia Lin*, 534 F.3d at 163-64. Zheng testified that his

3

mother paid a 4,000 renminbi fine to secure his release from detention and had received only one receipt. However, Zheng submitted two different receipts for the 4,000 renminbi payment: one with a serial number of 4983; and a second with a serial number of 4984. When asked why there were two receipts, Zheng responded that he did not know and that his mother may have received both receipts at the same time or obtained the second receipt later. But the IJ reasonably rejected this explanation because it did not compellingly explain the inconsistency. *See Majidi*, 430 F.3d at 80-81. Moreover, as the IJ observed, neither receipt listed Zheng's or his mother's names and there was no information in the receipts linking them to Zheng.

Second, the agency reasonably relied on the omission of any mention of Zheng's summons from his mother's letters. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Zheng testified that his mother refused to accept the summons when the police tried to serve it at her home, but that she later obtained the summons from the police station to support Zheng's asylum claim. However, Zheng's mother's letters do not mention the summons and state only that the police

4

came looking for Zheng. When asked about the omission, Zheng explained that his mother may not have mentioned the summons because she did not accept it and did not think it was important. The IJ was not required to accept this explanation. *See Majidi*, 430 F.3d at 80-81.

Third, the Government is correct that Zheng has waived review of the IJ's demeanor finding by failing to challenge it in his brief, and that finding therefore stands as an appropriate basis for the credibility determination. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Xiu Xia Lin*, 534 F.3d at 163-64 & n.2. Zheng also does not challenge the agency's treatment of his corroborating evidence or the BIA's treatment of his evidence submitted on appeal. And, although Zheng challenges the inconsistency about whether he was struck with a book in detention, neither the IJ nor the BIA relied on this inconsistency to support the credibility determination.

Given the agency's foregoing demeanor, omission, and inconsistency findings, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. A reasonable adjudicator would not

be compelled to conclude otherwise. *Id.* at 167. The credibility finding is dispositive of Zheng's claims for asylum, withholding of removal, and CAT relief because those claims are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```